# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**August 6, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MATTHEW S.,**
**Respondent Below, Petitioner**

**v.) No. 24-ICA-465**   (Fam. Ct. Kanawha Cnty. Case No. FC-20-2016-D-1111)

**ELIZABETH S.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Matthew S.[1] ("Father") appeals the Family Court of Kanawha County's October 22, 2024, custody order regarding the parties' holiday schedule and child support. Respondent Elizabeth S. ("Mother") responded in favor of the family court's decision.[2] Father filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Father and Mother were married on June 20, 2009, and divorced by order entered in May 2017. They share two minor children, born in 2011 and 2014. In their divorce, the parties reached a full settlement agreement on all issues. As part of their parenting agreement, Father was to pay $615.98 per month in child support until the children began receiving social security. As for parenting time, the parties split holidays, and Father had parenting visits every other weekend. The order specified that the parties had shared decision making authority on all "major decisions," such as education, medical, religion, childcare, and after school activities.

The parties utilized the 2017 parenting plan until February 2024, when Father filed a petition for modification. In his petition for modification, Father alleged, among other

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Father is represented by G. Wayne Van Bibber, Esq. Mother is represented by Tim C. Carrico, Esq.

things, that the children wanted to spend more time with him, Mother put one child on anxiety medication without his permission, and Mother put the older child in private school without his permission. Father requested a 2/2/3 schedule during the school year and a week-on/week-off schedule during the summers. Mother filed an answer admitting that the children wanted to spend more time with Father and proposed one extra overnight per week. Mother also filed a motion for an in-camera interview of the older child. The parties attended mediation on August 2, 2024, but were unable to reach an agreement.

Hearings were held on Father's petition for modification on August 10, 2024, and August 19, 2024. At that time, the children were ages thirteen and ten. The court conducted an in-camera interview of the older child. Mother submitted a proposed parenting plan and Father submitted a revised proposed parenting plan wherein he requested that each parent be a designated residential parent of one child for tax purposes and that the children have different visitation schedules.

After the conclusion of the hearings, the family court made the following relevant findings of fact:

- The older child was sufficiently mature to express her firm and reasonable preference.
- The older child advised the court that she wished to primarily reside with Mother but spend more time with Father during the school year and operate on a week-on/week-off schedule during the summer.
- The older child advised that she and her younger brother wish to reside together at all times because the two are very close and the younger child does not feel as comfortable staying at Father's home as she does.
- Mother testified that she did not give the older child anxiety medication; rather, she gave the child melatonin to assist with sleeping, but later discontinued its use.
- Mother and the older child testified that the younger child loves his elementary school and was thriving there and that there was no need to transfer him to private school.
- Father's proposed parenting plan would require the siblings to be separated approximately two weeks per month.
- Mother introduced exhibits depicting Father's seventeen-year-old stepdaughter partaking in what appeared to be the consumption of marijuana and alcohol.
- The older child, when asked about her older stepsister in the in-camera interview, stated that her stepsister talked about marijuana and alcohol use and vaped in front of her.
- A significant change in circumstances had occurred in both minor children's lives.

2

The final order was entered on October 22, 2024, wherein the family court found that the 50-50 custody presumption[3] had been rebutted under West Virginia Code § 48-9-209(f)(2)(D), which requires the court to consider whether children would be separated from their siblings or whether the proposed arrangements would disrupt bonding opportunities for siblings, and West Virginia Code § 48-9-402(b)(4), which requires the court to consider the firm and reasonable preferences of a child under the age of thirteen, if found to be sufficiently mature to intelligently express a voluntary preference. As to the younger child specifically, the family court held that West Virginia Code § 48-9-401[4] was applicable due to the younger child's desire to reside at all times with the oldest child who wished to spend more time with Father. The family court ordered that Mother would remain the primary residential parent; Father would have parenting time from Friday until Tuesday morning at school drop-off, plus alternating Wednesday nights; and the parties would have a week-on/week-off schedule during summer break. It is from the October 22, 2024, order that Father now appeals.

For these matters, we apply the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

---

[3] West Virginia Code § 48-9-102a (2022) states:

There shall be a presumption, rebuttable by a preponderance of the evidence, that equal (50-50) custodial allocation is in the best interest of the child. If the presumption is rebutted, the court shall, absent an agreement between the parents as to all matters related to custodial allocation, construct a parenting time schedule which maximizes the time each parent has with the child and is consistent with ensuring the child's welfare.

[4] West Virginia Code § 48-9-401(a) (2022) states:

Except as provided in §48-9-402 or §48-9-403 of this code, a court shall modify a parenting plan order if it finds, on the basis of facts that were not known or have arisen since the entry of the prior order and were not anticipated in the prior order, that a substantial change has occurred in the circumstances of the child or of one or both parents and a modification is necessary to serve the best interests of the child.

3

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Father raises four assignments of error. First, he asserts that the family court committed reversible error by relying on the older child's hearsay statements made during the in-camera interview to determine the younger child's wishes regarding parenting time. We disagree. The family court permitted the older child's testimony regarding the younger child's preference, finding that Rule 807 of the West Virginia Rules of Evidence, known as the residual exception to the rule against hearsay, was applicable in this case.[5] Regardless of the older child's hearsay statement, the younger child was only ten years old, which rendered him too young to express a preference regarding parenting time.[6] Thus, we find any error on this issue to be harmless. *See Rimdaugas K. v. Gerda K.*, No. 23-384, 2024 WL 4892515 (W. Va. Nov. 26, 2024) (memorandum decision) (holding that it was clear that the family court did not base its decision on hearsay statements and the remaining evidence would be sufficient to support the family court's decision). While the younger

[5] Rule 807 of the West Virginia Rules of Evidence states:

(a)  In General.  Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804:
        (1)  the statement has equivalent circumstantial guarantees of trustworthiness;
        (2)  it is offered as evidence of a material fact;
        (3)  it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
        (4)  admitting it will best serve the purposes of these rules and the interests of justice.

(b)  Notice.  The statement is admissible only if, before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it.

[6] West Virginia Code § 48-9-402(b)(3) states that a family court "may modify any provisions of the parenting plan without the showing of the changed circumstances [. . .] if the modification is in the child's best interests, and the modification [i]s necessary to accommodate the reasonable and firm preference of a child who, has attained the age of 14." The preference of a child under the age of fourteen may also be considered by the family court if the court finds, in its discretion, that the child is sufficiently mature and can intelligently express a voluntary preference. *See* W. Va. Code § 48-9-402(b)(4).

4

child's preference is not considered due to his age, we cannot find that the family court erred when it held that it was in the children's best interest to remain together at all times. *See* W. Va. Code § 48-9-102(a)(8) (2022). Therefore, given the deference that must be accorded to the family court,[7] we find no error in the court's decision to consider the older child's statements regarding the younger child's preferences.

Second, Father contends that the family court erroneously relied on Mother's unauthenticated photographs of his stepdaughter allegedly using marijuana and alcohol. We disagree. West Virginia Code § 51-2A-7(a)(1) (2013) gives family courts the authority to "manage the business before them." Such authority extends to reviewing exhibits and affording them the appropriate weight. Further, the older child stated during her in-camera interview that her stepsister talked about using marijuana and alcohol and vaped in front of her. Therefore, we find no reversible error in the family court's consideration of the photographs.

In his third assignment of error, Father argues that the family court committed reversible error when it failed to modify the parties' inequitable holiday schedule after both parties submitted modified holiday schedules. We disagree. The clear error standard of review for a lower court's factual findings is "highly deferential," as briefly mentioned above. *Argus Energy, LLC v. Marenko*, 248 W. Va. 98, 105, 887 S.E.2d 223, 230 (2023). The record reflects that both parties agreed to honor the older child's preferences. The family court interviewed the child and considered the child's opinions as evidenced by the order on appeal. Thus, on this issue, we cannot conclude that the family court's factual determinations were clearly erroneous or that its decision constitutes an abuse of discretion.

Lastly, Father contends that the family court erred when it failed to modify child support after the parenting schedule was modified from a basic shared plan to an extended shared plan. We disagree. "A court's authority to modify a child support order is limited to those cases in which a motion requesting such relief has been filed." *Skidmore v. Skidmore*, 225 W. Va. 235, 245, 691 S.E.2d 830, 840 (2010)); *see also Ann L. v. Patrick J.*, No. 22-ICA-316, 2023 WL 4029109 (W. Va. Ct. App. June 15, 2023) (memorandum decision) (holding that a petition to modify child support is required for the family court to modify child support). Here, Father did not file a petition for child support modification, nor did he specifically request to modify child support in his underlying petition. Therefore, the family court was not required to address child support when ruling upon Father's petition. As such, the family court order's silence on this issue does not constitute error.

---

[7] *See, e.g., Porter v. Bego*, 200 W. Va. 168, 173, 488 S.E.2d 443, 448 (1997) ("We have repeatedly stated that we will accord great deference to findings of fact by a family [court]."); *Jacob H. v. Siera G.*, No. 24-ICA-147, 2024 WL 4787833, at *3 (W. Va. Ct. App. Nov. 14, 2024) (memorandum decision) (internal citations and quotations omitted) ("A family court's decision is entitled to significant deference.")

Accordingly, we find no error and affirm the family court's October 22, 2024, order.

Affirmed.

**ISSUED:** August 6, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

6